UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNA M. CLARK, | Case No. 2:13-CV-2132 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| TRAVELERS INSURANCE, et al., | |
| Defendant(s). | |

On February 28, 2014, the court denied plaintiff's motion to proceed *in forma pauperis* and entered an order requiring plaintiff to pay the $400.00 filing fee for this action within 30 days. The thirty-day period has long expired, and plaintiff has not paid the filing fee or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "in exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d, 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Svc.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);

**James C. Mahan**
**U.S. District Judge**

1  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of
2  prosecution and failure to comply with local rules).

3  In determining whether to dismiss an action for lack of prosecution, failure to obey a
4  court order, or failure to comply with local rules, the court must consider several factors: (1) the
5  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
6  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
7  their merits; and (5) the availability of less drastic alternatives.  *Pagtalunan*, 291 F.3d at 642;
8  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*,
9  963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10  The court finds that the first two factors, the public's interest in expeditiously resolving
11  this litigation and the court's interest in managing the docket, weigh in favor of dismissal.  The
12  third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a
13  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
14  ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th
15  Cir. 1976).  The fourth and fifth factors – public policy favoring disposition of cases on their
16  merits and consideration of available alternatives to dismissal – are outweighed by the factors in
17  favor of dismissal discussed herein.

18  Accordingly,

19  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this action is
20  DISMISSED WITHOUT PREJUDICE based on plaintiff's failure to pay the filing fee in
21  compliance with this court's order.

22  IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

23  IT IS FURTHER ORDERED that plaintiff shall file no further documents in this closed
24  action.

25  DATED December 9, 2014.

26
27  _____
    UNITED STATES DISTRICT JUDGE
28

**James C. Mahan**
**U.S. District Judge**

- 2 -